## COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed June 9, 1893.

ROWLAND

VS.

THILLMAN.

*David S. Briscoe* and *A. S. Goldsborough* for plaintiff.

*C. Dodd McFarland* for defendant.

OPINION OF THE COURT.

This is a motion in arrest of judgment in an action of replevin in the *detinuit.* The verdict is *generally* for the plaintiff and $25 damages, without ascertaining the value of the goods. It is claimed to be defective under the last clause of Sec. 111, Art. 75, of the Code. The objection would be well taken if the clause stood by itself, or could be separated from its context. The section is a codification of the Act of 1888, Chap. 269. The whole act must, of course, be construed together. It provides for that particular class of actions of replevin or detinue in which there shall be "a judgment in the alternative for the return of chattels or the payment of their value." With respect to *such* cases, it is obviously appropriate that the verdict should assess the value. This case belongs to an altogether different class. The plaintiff is already in possession of the goods, and no reason can be assigned for ascertaining the value of the goods in the verdict. The judgment cannot be in the alternative, and the case is therefore *not* within the provisions of the act.

Under the act mentioned, there has been some diversity of practice in the law Courts of this city with respect to the form of the verdict in this class of replevin cases, where there has been no eloignment when the plaintiff has been already put in possession, and when the action is consequently in the *detinuit,* and not in the *detinet.* In order to restore uniformity of practice, so far as that may be accomplished in the first instance by the judges of the Supreme Bench, the written argument of counsel have been considered by a majority of them, who concur in the opinion that, for reasons stated, the motion should be, and the same is accordingly, overruled.

C. E. PHELPS,

H. D. HARLAN,

A. RITCHIE,

D. G. WRIGHT.